UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                                                                   Case No. 20-CR-128

JAVIER VARGAS,

        Defendant.

---

## ORDER DENYING MOTION FOR SENTENCE REDUCTION

---

       Javier Vargas was charged with possession with intent to distribute more than 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Upon conviction of that offense, Vargas was subject to a sentence from between ten years to life. Vargas entered into a written plea agreement with the Government under which he was allowed to plead to an Information charging him with Possession with Intent to Distribute More Than 5 Grams of Actual Methamphetamine, instead of the higher amount originally charged. The Fed. R. Crim. P. Rule 11(c)(1)(C) plea agreement also called for a sentence of 108 months, or 9 years, concurrent with the other state sentences the defendant was then serving.

       On December 10, 2020, the court accepted the plea of guilty and set the matter over for sentencing. On February 18, 2021, the court imposed the 9-year sentence, but reduced it to 99 months to give Vargas full credit for the time he had already served in state custody. In other words, Vargas received the lowest sentence possible under the terms of the written plea agreement. The case is now before the court on Vargas' motion for a reduction in sentence pursuant to 18 U.S.C. § 3582.

Vargas seeks a reduction in sentence based on his claim that the changes in the Guidelines that became effective November 1, 2023 resulted in a lower Guideline range for his offense. Vargas' motion is denied. Because he entered into a Rule 11(c)(1)(C) plea agreement with the Government, the Guidelines played no role in the determination of his sentence. In addition, the Guidelines would not have had any impact on his sentence range because he was a career offender. Given these circumstances, Vargas is not entitled to a reduction in his sentence and his motion is, therefore, denied.

Vargas also filed a motion seeking to seal the attachments to his motion, Dkt. No. 25, as well as a motion to appoint counsel, Dkt. No. 26. The motion to seal will be construed as a motion to restrict the document to case participants and, as such, will be granted. And because it is apparent that Vargas is not entitled to relief, his motion for appointment of counsel, Dkt. No. 26, is denied.

**SO ORDERED** at Green Bay, Wisconsin this 29th day of December, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge